UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACOBY NICHOLAS | : | CASE NO.: _____ |
| VERSUS | : | JUDGE: _____ |
| U.S. XPRESS, INC., MOUNTAIN LAKE RISK RETENTION GROUP, INC., AND DANIEL MORA | : | MAGISTRATE: _____ |
| | : | STATE OF LOUISIANA |
| | : | JURY TRIAL REQUESTED |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, Daniel Mora, in that certain proceeding entitled *"Jacolby Nicholas v. U.S. Xpress, Inc., Mountain Lake Risk Retention Group, Inc., and Daniel Mora, et al"* bearing Docket Number 2022-2360, filed in the 14th Judicial District Court in and for the Parish of Calcasieu, State of Louisiana, hereby files this Notice of Removal and removes this action to the United States District Court for the Western District of Louisiana. Furthermore, U.S. Xpress, Inc., and Mountain Lake Risk Retention Group, Inc., consent to this removal.

A copy of this Notice of Removal is being served upon Paul J. Tellarico, as counsel for Plaintiff, Jacolby Nicholas, and a copy of this Notice of Removal is being filed with the Clerk of Court of the above-referenced state court in conformity with 28 U.S.C. § 1446(d). In addition, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and/or other materials in the state court file is attached hereto as Exhibit 1.

Defendants respectfully submit that the grounds for their removal of the action are as follows:

I.

Plaintiff filed his lawsuit in this matter, entitled *"Jacolby Nicholas v. U.S. Xpress, Inc., Mountain Lake Risk Retention Group, Inc., and Daniel Mora, et al"* bearing Docket Number 2022-2360, in the 14th Judicial District Court in and for the Parish of Calcasieu State of Louisiana.

II.

Plaintiff sets forth a claim for damages arising out of a personal injury allegedly resulting from of an accident occurring on July 20, 2021, on Interstate 10 in Iowa, Louisiana.[1]

III.

U.S. Xpress, Inc., was served on June 29, 2022.[2] Mountain Lake Risk Retention Group, Inc., was served on July 13, 2022.[3] However, Daniel Mora was not served until September 20, 2022.[4] This Removal is hereby being filed within 30 days after service of the Petition for Damages upon Daniel Mora, as required under applicable law. Furthermore, U.S. Xpress, Inc., and Mountain Lake Risk Retention Group, Inc., hereby consent to this removal.

IV.

Plaintiff alleges in his Petition that he is a "resident of the Parish of Rapides, State of Louisiana."[5] Before, at the time of, and since the filing of the lawsuit in this matter, U.S. Xpress, Inc., has been incorporated in Nevada and has had its principal place of business in Tennessee. Before, at the time of, and since the filing of the lawsuit in this matter, Mountain Lake Risk

---

1 See Plaintiffs' Petition for Damages, p. 1, ¶ 3, which is included herewith as part of <u>Exhibit 1</u>.
2 See Citation for Petition, with notation from Deputy Sheriff showing service on Corporation Service Company, as registered agent for U.S. Xpress, Inc., on June 29, 2022, attached hereto as part of <u>Exhibit 1</u>.
3 See August 30, 2022, filing letter from Paul Tellarico, with included Affidavit of Long Arm Service and Certified Mail with Certified Mail Receipt showing service on Mountain Lake Risk Retention Group, Inc. on July 13, 2022, which is attached as <u>Exhibit 2</u>.
4 See September 23, 2022, filing letter from Paul Tellarico, with included Affidavit of Long Arm Service and Certified Mail with Certified Mail Receipt showing service on Daniel Mora on September 20, 2022, which is included herewith as part of <u>Exhibit 1</u>.
5 See Plaintiffs' Petition, p. 1, introductory paragraph, which is included herewith as part of <u>Exhibit 1</u>.

Retention Group, Inc., has been incorporated, and has had its principal place of business, in Vermont. Before, at the time of, and since the time of the filing of the lawsuit in this matter, Daniel Mora has resided, and been domiciled, in Texas.

V.

Plaintiff claims that as a result of the accident he "suffered injuries to his body and mind, including his neck and back."[6] Additionally, Plaintiff asserts that because of this accident he "sustained the following damages:

    a. Physical pain and suffering (past and future);

    b. Mental pain and suffering (past and future);

    c. Loss of income and earning capacity (past and future);

    d. Medical bills (past and future); and

    e. Physical disability."[7]

Plaintiff's claim for these damages demonstrate that it is "facially apparent from [the] petition that the amount-in-controversy exceeds $75,000" and, thus, meets the jurisdiction amount required for this Court.[8] Indeed, "prayers for damages—namely, those for past and future medical expenses, past and future lost wages, past and future pain and suffering, and past and future disability—are sufficient to infer the jurisdictional amount is satisfied."[9]

---

[6] See Plaintiffs' Petition for Damages, p. 2, ¶ 7, which is included herewith as part of <u>Exhibit 1</u>.
[7] See Plaintiffs' Petition for Damages, p. 2, ¶ 8, which is included herewith as part of <u>Exhibit 1</u>.
[8] *Raborn v. Con-Way Truckload, Inc.*, No. CIV.A. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015).
[9] *Raborn v. Con-Way Truckload, Inc.*, No. CIV.A. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015), citing *Tobin v. Laboratory Corp. of Am.,* No. 15–1731, 2015 WL 4478072, *3 (E.D.La. July 22, 2015); *Cooper v. Icon Health and Fitness, Inc.,* No. 11–152, 2011 WL 2669455, at *3–4 (E.D.La. July 7, 2011); *James v. Home Depot USA, Inc.,* No. 02–01008, 2002 WL 1453824, at *2 (E.D.La. July 3, 2002); *Tauzier v. Dodge,* No. 97–2444, 1998 WL 227170, at *1 (E.D.La. May 5, 1998).

VI.

Although La. Code Civ. Proc. art. 893 precludes a party from pleading a specific monetary amount of damages, when a specific amount of damages is needed to confer jurisdiction, establish the right to a jury trial, or disavow federal court jurisdiction, then "a general allegation that the claim exceeds or is less than the requisite amount is required."[10] Indeed, if Plaintiff seeks less than the requisite amount for the exercise of federal jurisdiction in this matter, Plaintiff is required to so allege in his Petition.[11] Here, Plaintiff's Petition for Damages contains no such limitation. Instead, "Plaintiff claims damages from the defendants in an amount deemed reasonable in the premises, in excess of $50,000."[12]

By failing to include any such allegation in his Petition for Damages, Plaintiff has "in effect, conceded in [his] state court pleadings that the requisite jurisdictional amount is in controversy", which "creates a 'strong presumption' in favor of jurisdiction."[13] Given the court's adherence to the pleading requirements set forth in La. Code Civ. Proc. Art. 893, and the clear lack of any allegation disavowing federal court jurisdiction in Plaintiff's Petition for Damages, it is "'facially apparent' that the amount in controversy exceeds $75,000."[14]

---

[10] See Louisiana Code of Civil Procedure article 893 (as amended by Acts 2004, No. 334).
[11] *Id*, and see also *Chambers Med Found. v. Chambers*, 05-786, 2006 U.S. Dist. LEXIS 49292, 2006 WL 1895479, at 2 n. 3 (W.D. La. 01/23/2006), citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586,591, 82 L.Ed. 845 (1938).
[12] See Plaintiff's Petition, p. 2, ¶ 3, which is included herewith as part of Exhibit 1.
[13] See *Chambers Med Found. v. Chambers*, 05-786, 2006 U.S. Dist. LEXIS 49292, 2006 WL 1895479, at 2 n. 3 (W.D. La. 01/23/2006), citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586,591, 82 L.Ed. 845 (1938); see also *Pooley v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 93637, 2013 WL 3356873, at *5 (E.D. La. 07/03/2013), citing *Kerr v. State Farm Fire & Cas. Co.*, 11-113, 20ll U.S. Dist. LEXIS 59101, 20ll WL 2160871, at 2 (M.D. La. 06/01/2011), wherein the Court noted that "the absence of such an allegation amounts to a 'tacit concession' that the 'the damages sought by the plaintiff exceed $75,000.'"
[14] See *Chambers Med Found. v. Chambers*, 05-786, 2006 U.S. Dist. LEXIS 49292, 2006 WL 1895479, at 2 n. 3 (W.D. La. 01/23/2006).

VII.

Additionally, on July 7, 2022, Plaintiff's attorney sent a letter to U.S. Xpress, Inc., demanding $250,000, plus medical specials in $32,883.76, to release U.S. Xpress, Inc., and Daniel Mora.[15] This demand is recognized under applicable law as providing a sufficient a basis for removal.[16] Indeed, as noted by the Eastern District Court of Louisiana, a settlement-demand letter in which a plaintiff demands an amount in excess of $75,000 "is competent summary-judgment type evidence that the amount in controversy exceeds the $75,000 jurisdictional amount."[17] Moreover, "Federal courts give significant weight to the value plaintiffs attach to their claims."[18]

VIII.

All of the aforementioned information and materials demonstrate that the amount being claimed by Plaintiff in this matter exceeds the required jurisdictional amount of this Court.

IX.

Since there is complete diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441.

---

[15] See Eugene A. Ledet, Jr., letter dated July 7, 2022, which is attached hereto as <u>Exhibit 3</u>.
[16] See *Raborn v. ConWay Truckload, Inc.*, No. 15-2969, 2015 WL 6738599, at *3 n.35 (E.D. La. Nov. 4, 2015), citing See *Marullo v. Dollar General Corp.,* No. 2:14–cv–01131, 2014 WL 3587879, at *2 (E.D.La. July 21, 2014) ("A number of district court decisions within the Fifth Circuit have looked to settlement demand letters as 'relevant evidence' of the amount in controversy."); see also *Creppel v. Fred's Stores of Tenn.,* No. 13–734, 2013 WL 3490927, at *3 (E.D.La. July 10, 2013); *Cole v. Knowledge Learning Corp.,* No. 09–2760, 2009 WL 1269591, at *3–4 (E.D.La. May 6, 2009); *Clark v. Nestle USA, Inc.,* No. 04–01537, 2004 WL 1661202, at *2 (E.D.La. July 22, 2004); *Carver v. Wal–Mart Stores, Inc.,* No. 08–42–M2, 2008 WL 2050987, at *3–4 (M.D.La. May 13, 2008); *Fairchild v. State Farm Mut. Auto. Ins. Co.,* 907 F.Supp. 969, 971 (M.D.La.1995) (noting that a settlement-demand letter is "valuable evidence to indicate the amount in controversy at the time of removal").
[17] *Raborn v. Con-Way Truckload, Inc.*, No. CIV.A. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015).
[18] *Waters v. Lowe's Home Centers, LLC*, No. CV 18-12419, 2019 WL 1785610, at *1 (E.D. La. Apr. 24, 2019), citing *C.f. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

X.

Pursuant to 28 U.S.C. § 1367, this Honorable Court has supplemental jurisdiction over any and all claims, if any, for which it does not have original jurisdiction.

WHEREFORE, Defendant, Daniel Mora, prays that this Notice of Removal be deemed good and sufficient and that the Plaintiff's Petition for Damages be removed from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to this Honorable Court for jury trial and determination as provided by law; and this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court and, thereupon, proceed with the civil action as if it had been commenced originally in this Honorable Court.

Respectfully submitted

**THE DILL FIRM, A.P.L.C.**

BY: _____/s/ David P. Vial II_____
JAMES M. DILL (No. 18868)
DAVID P. VIAL II (No. 29515)
825 Lafayette Street
Post Office Box 3324
Lafayette, Louisiana 70502-3324
Telephone: (337) 261-1408
Facsimile: (337) 261-9176
Email: jdill@dillfirm.com
Email: dvial@dillfirm.com
ATTORNEYS FOR U.S. XPRESS, INC.,
MOUNTAIN LAKE RISK RETENTION GROUP,
INC., AND DANIEL MORA

## CERTIFICATE

**I HEREBY CERTIFY** that on this 11th day of October, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to counsel for all parties to this proceeding by operation of the court's electronic filing system.

                                    */s/ David P. Vial II*
                                   DAVID P. VIAL II